Judge Robertson
delivered the opinion of the Court.
Henrv I. Turner and Edward Hill Carter, both citizens of Virginia, filed their bill in chancery in the general court, against Presley N. O’Bannon, of this state, and several others, some of whom were non-residents. The object of the suit is* to recover 2,000 acres of land. •
The general court dismissed the bill for want of jurisdiction.
By an act of 1802, it is provided that the general court shall have jurisdiction “in all controversies between non-residents, and between non-residents and1 the citizens of this state, where the matter in dispute shall be above the value of $20..
The bill shows that the land in contest, in this case, is worth more than $20.
As the complainants were non-residents, the general court would have had jurisdiction, according to the strict letter of the act, if all the defendants had been either non-residents or citizens of this state. It has jurisdiction of all cases above $20 in value, between non-residents, or between non-residents and citizens. Between the non-resident complainants' and non-resident defendants, the court had jurisdiction; between the complainants and the resident defendants, it had jurisdiction, surely then, it must have jurisdiction of a suit between non-resident complainants, and defendants, a part of whom are citizens and the others non-residents. It is the non-residence of the complainants, which gives jurisdiction, according, to the letter as well as the policy of the act of assembly. This is a suit between non-residents, and between non-re si dents and the citizens of this slate. When it becomes necessary for non-residents to sue several defendants jointly, the fact that some are citizens and some non-residents, cannot, surely, ousi the general court of the jurisdiction which it has between ■non-resident complainants and defendants, and between non-resident complainants and resident defers *187 danls; as it has jurisdiction of each or either class, it must have a right to take cognizance of both, when it shall become necessary to blend both in one There are, in this case, no parties over whom it has not jurisdiction. We cannot doubt, therefore, that, according to any consistent or proper construction of the act of assembly, the general court had jurisdiction of this case, and, therefore, erred in dismissing the bill for a supposed want of jurisdiction.
Crittenden, for plaintiff.
Wherefore, the decree is reversed, and the cause remanded for further proceedings.. '